Mr. Justice Smith
delivered the opinion of the court.
From the evidence in this cause, it appears that at the date of the note sued on, and for several years before and afterwards, a copartnership in the business of planting existed, in which the plaintiff in error and Calvin Lea, since deceased, were jointly and equally interested. The former resided in the state of North Carolina, and the latter on the plantation owned by them in the county of Yazoo. Calvin Lea was the sole conductor of the business of the firm which he transacted in his own name. *668 Calvin Lea was not known to be the name of the firm, and none of the witnesses were cognizant of the fact that a partnership between these parties existed, or that James K. Lea was, in any way, interested in the plantation which had been in the occupation and under the charge of Calvin Lea.
The suit was brought on a note’made by Calvin, against the plaintiff in error as the surviving partner of said firm.
The defence in the court below raised the question of the liability of the plaintiff in error on the note as a partnership contract.
The first objections made to the proceeding in the circuit court are to the admission of the note on which the action was based, and the articles of copartnership between the decedent and the defendant below.
These objections are untenable, and were, at the time they were made, premature. It is a well established rule of practice, that parties litigant are not restricted as to the order in which they may choose to present their evidence. It was not incumbent on the plaintiff to precede the introduction of the note by proof of the existence of a partnership, or that the note was made by the ostensible partner on account of the firm, or for its benefit. If the plaintiff on' the trial had failed to show these facts, by competent proof, the evidence would have been irrelevant, and would have been excluded upon the application of the defendant.
The objection to the admissions of Calvin Lea, the ostensible partner, tending to show that the note was given for a partnership purpose, is,equally unfounded. The admissions of the deceased partner were not competent to prove a partnership between himself and the defendant. But the existence of the partnership in this case was distinctly proved by other evidence in the cause ; and the admissions were not offered to prove that fact, but to show that the note was given for the use and benefit of the firm. For this purpose they were clearly competent. “ The representation of any fact, or the misrepresentation of any fact, made in any partnership transaction, will bind the firm. The acknowledgment by one partner during the continuance of *669 the firm, of a debt, as due by the partnership, will amount to a promise binding on the firm; and the admission of any fact by one partner, material as evidence in a suit, will, under like circumstances, be deemed the admission of all the partners.” Story, Partn. 160, § 107. Hence there was no error in. allowing the admissions of Calvin Lea to be submitted to the jury.
The articles of partnership recited that the parties were the several owners of an undivided half of certain lands, slaves and other property; and that it was agreed between them that the same should be cultivated and employed for their mutual benefit, each bearing an equal share of the expenses necessarily and properly incurred in the cultivation and management of said lands, slaves, &c., and receiving an equal share of the net profits arising therefrom. The stipulations of these articles, therefore, left it discretionary with the partner, charged with the conducting and management of the business of the firm, as to the method in which the partnership property should be managed. Hence independent of the general principle that would apply to partnerships of this character, the inference arose from the partnership contract, that the acting partner should conduct the firm business according to the necessities, usages and customs of persons engaged in the occupation of planting generally.. As the partnership which existed between these parties was secret, it was competent for the plaintiff to prove what were the usages and customs of planters generally, in order to show that the contract upon which the secret partner was sought to be charged, was sanctioned by those usages and customs. There was, therefore, no error-in allowing evidence of these facts to go to the jury and rejecting testimony as to the customs of planting partnerships in that part of the country.
After the evidence was closed, the jury were instructed as well at the instance of the plaintiff, as the defendant. We will notice first the charges for the plaintiff.
A dormant partner will be liable for the whole amount of the debts due during his partnership, whether his connection with the firm be or be not known to the creditor at thé time of the *670 contract. Coll, on Partn. 313; Reynolds v. Cleveland, 4 Cow. 282.
The liability of the dormant and secret partner is created by operation of law, independent of his intention, from the mere participation in the profits of the business, as the credit in such cases is manifestly given only to the ostensible partner. But even here the credit is deemed in law not to have been given exclusively to the ostensible partner, and is binding on all for whom he acts if done in this business and for their benefit. Story on Partn. § 138, 159.
In fact, a dormant or secret partner is held responsible for the engagements of the firm of which he is a member, on a principle of justice to the community, for by his receipt and enjoyment of the profits he takes from the creditors a part of that fund, which is the proper security for the payment of their debts. Grace v. Smith, 2 Bl. R. 998; Waugh v. Carver, 1 Smith, Lead. Cases, 491.
These principles cover completely the grounds of these instructions. Hence the court did not err in granting them.
We will next consider the exceptions taken to the refusal of the court to give certain charges, at the defendant’s request.
A material allegation of the declaration was, that the deceased and defendant, executed the note sued on by the name and signature of “ Calvin Lea.” Sufficient proof of this averment was essential to entitle the plaintiff to a recovery. The charge of defendant first refused goes further, and made it incumbent on the plaintiff to prove that the signature of Calvin Lea attached tó the note, was, at the time of making the same, the firm name of the partnership then existing between these parties; or that it was used as a firm name with the sanction of both partners.
The partnership existing between the deceased and defendant was proved to be in the most unqualified sense of the terms a secret partnership. The whole of the business of the firm was conducted by the decedent, and in his own name. Hence, if the liability of the defendant were at all dependent upon the existence or use of a firm name, the presumption would exist that the name of the ostensible partner was the name of the firm. *671 Blit as we have seen the liability of the defendant did not depend upon the fact that the credit was given to the ostensible partner on account of the firm, or that any copartnership existed. His liability resulted by operation of law, upon proof of the fact, which was a question exclusively for the jury, that the contract was made for the use and benefit of the joint concern. The refusal to give this instruction was correct, as it made the right to recover on the part of the plaintiff dependent upon the proof of an immaterial fact,- or one which was the necessary result of the facts proved.
The last clause of this instruction was not objectionable, except from its connection with the preceding parts of the same charge. And if it could be separated from these objectionable parts, or could be considered as a modification of the principles thereby laid down, the court did.not err in refusing to give it as the rule which it contained was embraced in the first instruction given at the instance of the plaintiff.
There was no error in the refusal of the fourth instruction. It was inapplicable to the facts of the case, and hence it was properly refused.
The seventh and last instruction was properly refused. The principle contained in this charge was, that the note was not obligatory upon the defendant, unless the credit had been given to the firm, and not to Calvin Lea individually. In cases of dormant and secret partnerships, the credit is given solely to the ostensible partner, for the obvious reason that there is no other party known. We have above shown that a dormant and secret partner is responsible for debts due during the time he is a member of the firm, whether his connection with the same be or be not known to the creditor at the time of the contract. His liability arises by operation of law. See authorities above cited.
We will next notice the exception to the decision on the motion for a new trial.
Calvin Lea was in the sole possession of the plantation and slaves, in reference to which the partnership, existed. He was the sole conductor of the business of the firm, in the transaction of which he constantly used his own name, and was *672 engaged in no other occupation. His declaration to the witness (Lewis) was evidence, not conclusive however, that the note was given and used for the use and purposes of the partnership, but it materially strengthened the presumption which would naturally arise from the circumstances of this case in the absence of all explanatory evidence, that the contract was made on account and for the benefit of the existing partnership. With the testimony of this witness, that of Taylor conflicts, and as the whole appears in. the record, the preponderance was in favor of the defendant. The jury were the exclusive judges of the credibility of the evidence; and as it conflicted, i't was their peculiar province to weigh it. This they have done, and have decided in favor of the party in whose favor, according to their judgments, the scale turned. We might have been better satisfied-if the verdict had been rendered for the defendant, but according to the settled rules of this court, the preponderance against the verdict is not so great as to authorize us to set it aside.
Let the judgment be affirmed.
A re-argument was asked but refused.